IN THE UNITED STATES DISTRICT
COURT FOR THE WESTERN DISTRICT
OF TEXAS AUSTIN DIVISION

| | | |
|---|---|---|
| ANDREW MECHLER, on Behalf of Himself and Others Similarly Situated, | § § § | |
| Plaintiff, | § § | |
| V. | § § | CIVIL ACTION NO. **17-cv-00786** |
| ALAMO DRAFTHOUSE CINEMAS, LLC, d/b/a ALAMO DRAFTHOUSE SOUTH LAMAR, Defendant. | § § § § § § | JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Andrew Mechler ("Mechler" or "Plaintiff"), Plaintiff in the above styled and numbered cause, and files this, his Original Complaint, complaining of Alamo Drafthouse Cinemas, LLC d/b/a Alamo Drafthouse South Lamar, and for cause of action would show as follows:

## I.
## INTRODUCTION

1. This action seeks actual damages, liquidated damages, a declaratory judgment, attorneys' fees, expert witness fees, taxable costs of court, and pre-judgment and post-judgment interest as allowed by law for Defendant's failure to pay Plaintiff and those similarly situated minimum wage for all hours worked in violation of the FLSA, 29 U.S.C. § 201 *et seq*.

2. Plaintiff demands a jury on all issues triable to a jury.

## II.
## PARTIES

3. The Plaintiff is an individual who resides in Austin, Texas.

Plaintiff's consent to be a party plaintiff in this action is attached as Exhibit A to this Complaint.

4. The Plaintiff and those similarly situated were engaged in commerce while employed by Defendant by, among other reasons, routinely processing credit card payments by Defendant's customers.

5. Defendant Alamo Drafthouse Cinemas, LLC d/b/a Alamo Drafthouse South Lamar ("Alamo Drafthouse"), is a Texas limited liability company that maintains its principal place of business in Texas. Service of the Summons and this Complaint may be made by serving its registered agent, David Kennedy, at 612 E. 6th Street, Austin, Texas, 78701.

6. Defendant Alamo Drafthouse, at all relevant times to this lawsuit, has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 203(r) and 203(s), and Alamo Drafthouse therefore was obligated to pay its employees in accordance with the FLSA at all relevant times to this lawsuit.

## III.
## JURISDICTION AND VENUE

7. This Court has jurisdiction over all claims in this matter pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law.

8. Venue is proper in the Western District of Texas pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred

in this district.

9. All conditions precedent to filing this lawsuit have been met.

# IV.
# FACTS

10. Alamo Drafthouse is a movie theatre that serves food and drinks directly to patrons' seats.

**11.** Plaintiff worked as a server at Alamo Drafthouse South Lamar from approximately November 2015 to February 2017.

12. As a server, Plaintiff's job duties included taking food and drink orders, entering the orders, serving food and drinks, bussing tables, dropping checks, and collecting payment.

13. As a server, Plaintiff was also required to perform a significant amount of "side work." This work is either outside the scope of his occupation as a server, and/or requires him to spend a substantial amount of time (in excess of 20 percent) performing work that is not directed toward producing tips for himself. Such required tasks include, but are not limited to:

- Setting up and cleaning server stations;
- Checking and stocking pens and paper for patrons' orders;
- Rolling silverware;
- Cleaning theaters, including tasks that must be performed daily, such as wiping down tables, seats, and armrests; sweeping; as well as tasks that must be performed on a rotating basis, such as cleaning floor boards, scrubbing strip guards on the stairs, wiping down the carpet on the walls, and scrubbing the floor;

3

- Cleaning the bathrooms;

- Taking out the trash;

- Replacing food and drink menus;

- Running food and drinks as needed to patrons in theaters other than the one a server is assigned to, which is work for which a server will not receive tips;

- Performing work as a server while being prohibited from receiving tips for such work, which may occur if a theater to which a server is assigned does not "make par," by reaching a predetermined number of patrons per server. In such instances, a server will be required to initiate service to patrons but will subsequently be required to transfer all of his or her tickets to the server or servers permitted to remain, and will not be permitted to receive tips from the transferred tickets. In situations where the server is scheduled for a "double," i.e. two consecutive shifts within a 24 hour period, the server can be repeatedly temporarily dismissed ("cut"), yet required to be "on call," (and thus subject to recall to the Alamo Drafthouse) for up to twelve or more hours without being able to receive tips.

14. With limited exceptions, such as for attending meetings, Alamo Drafthouse pays Plaintiff and other servers a wage of $2.13 an hour.

15. Plaintiff and the other servers are required to contribute to a tip pool.

16. Recipients of the tip pool improperly include employees who do not qualify as "customarily and regularly" tipped employees. Specifically, the tip pool improperly includes support staff who receive part of the tip pool even when these employees are not clocked in.

17. In his position as a server, Plaintiff was a non-exempt employee entitled to the

4

minimum wage required by the FLSA.

18. In this position, Alamo Dratfhouse failed to pay Plaintiff and its other servers the minimum wage for all hours worked.

19. The Alamo Drafthouse knew, or showed reckless disregard for whether, its failure to pay Plaintiff minimum wage for all hours worked was in violation of the FLSA.

20. The Alamo Drafthouse has been sued multiple times for FLSA violations in the past several years, yet intentionally continues practices that Defendant knows run afoul of the FLSA.

## V.
## COLLECTIVE ACTION ALLEGATIONS

21. Defendant employed servers in addition to the Plaintiff.

22. These other employees performed nearly identical job duties to those of the Plaintiff.

23. Like Plaintiff, these similarly situated workers were not paid the minimum wage as required by the FLSA.

24. Like Plaintiff, these similarly situated workers are entitled to recover unpaid minimum wages.

25. The class of similarly situated employees consists of all servers employed by Defendant since August 14, 2014.

## VI.
## CAUSES OF ACTION

26. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

5

27. The Defendant's conduct and practices violated the provisions of the FLSA, 29 U.S.C. § 201 *et seq.,* including but not limited to violations of § 206(a).

## VII.
## ATTORNEYS' FEES

28. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

29. Plaintiff, as well as those individuals similarly situated, are entitled to recover attorneys' fees and costs for bringing this action pursuant to 29 U.S.C. § 216(b).

## VIII.
## DAMAGES

30. As a result of Defendant's conduct, Plaintiff as well as those similarly situated seek relief pursuant to 29 U.S.C. § 216(b) which includes, but is not limited to: (1) minimum wages for all hours worked; (2) liquidated damages as allowed by law; (3) costs, expert witness fees and attorneys' fees; (4) pre-judgment and post-judgment interest as allowed by law; (5) a declaration that Defendant's practices have violated the FLSA; and (6) such other relief, legal or equitable, as may be warranted or to which Plaintiff, as well as those similarly situated, is entitled.

## IX.
## JURY DEMAND

31. Plaintiff requests a trial by jury on issues triable by a jury in this case.

## X.
## PRAYER

32. WHEREFORE, Plaintiff respectfully prays that upon final hearing and trial hereof, this Court grant Plaintiff and those similarly situated judgment for the following:

a) A declaration that Defendant's practices have violated the FLSA;

b) Minimum wages for all hours worked;

c) An equal amount to (b) as liquidated damages as allowed under the FLSA;

d) Attorneys' fees both for this cause and for any and all appeals as may be necessary;

e) Pre-judgment and post-judgment interest as allowed by law;

f) Costs of court and other costs of prosecuting Plaintiff's claim;

g) Expert witness fees; and

h) Such other relief, legal or equitable, as may be warranted or to which Plaintiff is entitled.

Respectfully Submitted,

Zimmer & Associates
707 West Tenth Street
Austin, Texas 78701
Telephone: (512) 434-0306
Facsimile: (310) 943-6954

/s/ Robert Zimmer
By:    Robert Zimmer
State Bar No. 24098662
zimmerlawTX@gmail.com

**ATTORNEY FOR PLAINTIFF
ANDREW MECHLER**